

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0243-23

**SHAWN EDWARD CRAWFORD, Appellant**

**V.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FOURTH COURT OF APPEALS MENARD COUNTY

NEWELL, J., filed a dissenting opinion in which RICHARDSON, WALKER, and McCLURE, J.J., joined.

There is nothing wrong with the indictment in this case. As Appellant argued below, and the court of appeals agreed, the indictment in this case alleges the offense of assault on a public servant, not assault

on a peace officer.[1] The word "peace officer" does not appear in the body of the indictment. The operative element listed in the indictment is "public servant" with a factual description of that element being a "deputy sheriff."[2] While not all public servants are peace officers, all peace officers are public servants.[3] The factual description of public servant in this case as a deputy sheriff does not create a notice issue.

And while there is some reference to the second-degree felony offense of assault on a peace officer in the caption at the top of the indictment, the statute setting out what constitutes an indictment makes no reference to a "caption."[4] As the court of appeals correctly noted, this indictment is the grand jury's indictment.[5] It makes no sense to refer to a clerical designation that may or may not have been included by an entity other than the grand jury to discern what charge the grand

---

[1] *Crawford v. State*, 683 S.W.3d 793, 800 (Tex. App. – San Antonio, 2023, pet. granted).

[2] *See* Tex. Penal Code Ann. § 22.01(b)(1) (assault on a public servant).

[3] *Compare*, Tex. Penal Code Ann. § 1.07(a)(36) (defining "peace officer") *with*, Tex. Penal Code Ann. § 1.07(a)(41) (defining "public servant"). I agree with the court of appeals' conclusion that we "cannot conclude that every indictment invoking 'public servant' language with a peace officer victim since September 1, 2017 [when assault on a peace officer became a second-degree felony], is in fact a charge for assault on a peace officer." *Crawford*, 683 S.W.3d at 799. During oral argument, SPA conceded as much when it acknowledged that it was not arguing the State should prevail on the contents of the body alone because of the 2017 change and that the body "does perfectly satisfy" a charge of assault on a public servant. Oral Argument at 3:25-3:45, *Crawford v. State*, PD-0243-23, Texas Court of Criminal Appeals Oral Arguments - 12/06/2023.

[4] Tex. Code Crim. Proc. Ann. art. 21.02 (requisites of an indictment).

[5] *Crawford*, 683 S.W.3d at 799.

jury intended to approve. We got it right when we limited consideration of the offense charged to the body of the indictment in *Delarosa v. State*.[6]

Which is the most concerning aspect of the Court's opinion in this case. The Court's holding is in conflict with our recent holding in *Delarosa*. There we rejected the State's call to consider information in the caption of the indictment because the body of the indictment completely alleged an offense.[7] "It was not defective. It was facially complete."[8] The same is true in this in this case. The body of the indictment alleged a facially complete offense. There was no failure to include one or more allegations necessary to give notice of the statutory offense with which the defendant was charged.[9] The indictment alleged assault on a public servant and described a type of public servant. Contrary to the State's suggestion, there was no notice issue because

---

[6] *Delarosa v. State*, 677 S.W.3d 668, 67-78 (Tex. Crim. App. 2023) (recognizing that where the body of the indictment was facially complete, the indictment was not defective, the State was bound to prove the offense alleged, and that "[t]he real anomaly would be to mix and match the caption and the body of the indictment . . .").

[7] *Id.*

[8] *Id.* at 677.

[9] *See, e.g., Duron v. State*, 956 S.W.2d 547, 551 (Tex. Crim. App. 1997) ("The instant cause does not involve a charging instrument which is even arguably defective on account of its failure to include one or more allegations necessary to give notice of the statutory offense with which the defendant was charged.").

the indictment contained sufficient allegations of the offense of assault on a public servant.

The State has broad discretion when deciding who to charge and for what crime.[10] The defendant has the ability to point out procedural and substantive defects when the indictment is insufficient. But saying that there is a substantive defect in the indictment because the State really wanted to charge a greater offense places a defense attorney in the position of having to tell the State how to prosecute his or her own client. That can't be right. That's why I would hold under *Delarosa* that the indictment in this case charged the third-degree offense of assault on a public servant. I would affirm the court of appeals. Because the Court does not, I dissent.

Filed: March 26, 2025

Publish

---

[10] *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("In our system, so long as the prosecutor has probable cause to believe that an accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.").